UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY PALMER, | ) | 1:07-CV-00740 LJO JMD HC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | REGARDING PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| A. HEDGPETH | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Gary Palmer ("Petitioner") is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation. (Pet. at 2). Pursuant to California's Three Strikes Law, Petitioner is serving a 25 years-to-life sentence stemming from a conviction of second degree robbery (Cal. Penal Code § 212 (b)). (Answer at 1). Petitioner does not challenge the validity of his robbery conviction. Instead, this petition seeks relief for disciplinary action taken against Petitioner in 2004.

On July 6, 2004, Petitioner was informed by Correctional Officer Holmes that his presence was required for questioning regarding an incident that had occurred at the prison the prior week.[1] According to the Rules Violation Report prepared after the incident, Petitioner refused the order. (Answer Ex. 3). Petitioner contends that he informed Officer Holmes that he wanted to speak with his attorney before being questioned. (Pet. Mem. P. & A. at 5). Officer Holmes informed Petitioner

---

[1] There exists a discrepancy over whether the incident was a stabbing or mutual combat between two inmates. This dispute of fact is not material to the adjudication of Petitioner's claims.

1  that failing to go the interview would result in disciplinary action for disobeying an order. (Pet.
2  Mem. P. & A. at 4; Answer Ex. 3).  On July 7, 2004, Officer Holmes inquired as to whether
3  Petitioner was still refusing to interview.  (Answer Ex. 3).  Petitioner affirmed that he wanted to
4  speak to his attorney before being questioned.  (Pet. Mem. P. & A. at 4).

5  On August 1, 2004, a hearing was held to adjudicate the charge against Petitioner.  Petitioner
6  was found guilty of violating Title 15, California Code of Regulation, section 3005(b) and assessed a
7  thirty-day loss of good time credit.  (Pet. Ex. C).  The section Petitioner was charged with violating
8  states that, "[i]nmates and parolees must promptly and courteously obey written and verbal orders
9  and instructions from department staff, and from employees of other agencies with authorized
10 responsibility for the custody and supervision of inmates and parolees." Cal. Code. Regs., tit. 15, §
11 3005(b).  Petitioner unsuccessfully filed an administrative appeal of the findings.  (Answer Ex. 5).

12 Subsequently, Petitioner filed a petition for writ of habeas corpus with the Monterey County
13 Superior Court.  (Answer at 3).  The court denied the petition in the only reasoned opinion in this
14 case on July 27, 2005. (Answer Ex. 7).

15 Petitioner filed a petition for habeas relief with the California Court of Appeal, which
16 summarily denied the petition on September 20, 2005.  (Answer Ex. 8).

17 Petitioner then filed a petition before the California Supreme Court.   The petition was
18 summarily denied by the state's supreme court on August 30, 2006.  (Pet. Ex. B).

19 On May 21, 2007, Petitioner filed the instant federal habeas petition in this court.  Petitioner
20 alleges as his sole ground for relief that the disciplinary action is punishment for exercising his
21 constitutional rights under the Fifth, Sixth, and Fourteenth Amendment.  (Pet. at 5)..

22 On August 27, 2007, Respondent filed an answer to the petition.

23 On October 15, 2007, Petitioner filed a traverse to Respondent's answer.

### DISCUSSION

**I.     Jurisdiction**

26 A person in custody pursuant to the judgment of a state court may petition a district court for
27 relief by way of a writ of habeas corpus if the custody is in violation of the Constitution, laws, or
28 treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529

U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. If a constitutional violation has resulted in the loss of good time credits, such a violation affects the duration of a sentence and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990). Thus, contrary to Respondent's claim otherwise, the Court has jurisdiction over this action. *See* 28 U.S.C. § 2241(d). Lastly, Petitioner is currently in custody at Avenal State Prison, located in Kings County. Kings County is within the jurisdiction of this court and this Court is the proper venue to hear the action. *See* 28 U.S.C. § 84(b).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after the statute's enactment. Lindh v. Murphy, 521 U.S. 320, 326-327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied*, 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh, 521 U.S. 320 (holding AEDPA only applicable to cases filed after statute's enactment)). The instant petition was filed on August 10, 2005 and is consequently governed by the provisions of the AEDPA, which became effective April 24, 1996. Lockyer v. Andrade, 538 U.S. 63, 70 (2003).

**II.    AEDPA Standard of Review**

Since Petitioner filed his petition after the effective date of AEDPA, his petition for habeas corpus "may be granted only if he demonstrates that the state court decision denying relief was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."" Irons v. Carey, 505 F.3d 846, 850 (9th Cir. 2007) (quoting 28 U.S.C. § 2254(d)(1)); *see* Lockyer, 538 U.S. at 70-71.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Id. (quoting Williams, 592 U.S. at 412). "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or

principles set forth by the Supreme Court at the time the state court renders its decision." Id.

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72, (quoting 28 U.S.C. § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413; *see also* Lockyer, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. "[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

Petitioner bears the burden of establishing that the state court's decision is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir.1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. *See* Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003); Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir. 1999).

AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). We are bound by a state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir. 2002), *cert. denied*, 537 U.S. 859, 123 S.Ct. 231 (2002), *rehearing denied*, 537 U.S. 1149, 123 S.Ct. 955 (2003).

**III.    Review of Petitioner's Claim**

As his sole ground for relief, Petitioner alleges that he was improperly charged and found guilty of disobeying Officer's Holmes order to attend the interview.  (Pet. M. &A. at 6).

1  Specifically, Petitioner alleges that the order violated his Fifth, Sixth, and Fourteenth Amendment
2  rights and therefore was unlawful.  These claims were raised in a petition for writ of habeas corpus to
3  the Monterrey County Superior Court, the last court to issue a reasoned opinion in this case.  The
4  Superior Court found that Petitioner could not establish that his testimony at the interview would
5  have been used in any criminal proceedings against him. (Answer Ex. 6).  Consequently, the court
6  concluded that Petitioner's Fifth Amendment right to counsel had not been implicated and thus
7  Petitioner's punishment was not a violation of his right to due process of the law.[2]

8  Petitioner subsequently filed petitions for writ of habeas corpus with both the state appellate
9  and supreme court.  The California Court of Appeal and Supreme Court respectively denied the
10 petition without comment.  (Answer Exs. 7 and 8).  By their "silent order" denying the petition, the
11 state courts are presumed to have denied the claims presented for the same reasons stated in the
12 opinion of the lower court.  Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991); *also* Pham v. Terhune,
13 400 F.3d 740, 742 (9th Cir. 2005) (stating, "[i]n reviewing a state court's summary denial of a
14 habeas petition, this court must 'look through' the summary disposition to the last reasoned
15 decision").

16 In Miranda v. Arizona, 384 U.S. 436 (1966), the Supreme Court indicated that once an
17 individual in custody invokes his right to counsel, the interrogation must cease until an attorney is
18 present.  Minnick v. Mississippi, 498 U.S. 146, 149 (1990)(citing Miranda, 384 U.S. at 474).
19 However, as noted by the appellate court, the facts presented in this case do not implicate
20 Petitioner's rights under Miranda.  Petitioner was disciplined for failing to obey the order to attend
21 the interview.  At the point in which Petitioner refused the order, he was not in a custodial
22 interrogation. *See* Miranda, 384 U.S. at 444 (defining custodial interrogation to be, "questioning
23 initiated by law enforcement officers after a person has been taken into custody or otherwise
24 deprived of his freedom of action in any significant way"); Cervantes v. Walker, 589 F.2d 424, 427
25 (9th Cir. 1979)(rejecting the proposition that any interrogation of prisoners during prison
26 confinement constitutes custodial interrogation requiring a Miranda warning); United States v.

---

[2] It should be noted that Petitioner does not challenge the actual disciplinary hearings as violative of his constitutional rights.  The documents provided by the Respondent and Petitioner indicate he was afforded his rights under the due process clause.  *See* Wolff v. McDonnell, 418 U/S. 539, 563-566 (1974); *also* Superintendent v. Hill, 472 U.S. 445, 457 (1985).

Turner, 28 F.3d 981, 983 (9th Cir. 1994)(stating that in the prison context, the factors to determine whether the situation constitutes a custodial interrogation include language used to summon the individual, the physical surroundings of the interrogation, the extent to which the prisoner is confronted with evidence of his guilt, and the additional pressure exerted to detain him in determining whether a reasonable person would believe that there was a restriction of their freedom over and above that which exists in a normal prison setting).  Considering the factors enumerated in Cervantes and Turner, Petitioner has not established that he was subject to a custodial interrogation at the time he refused the order, especially as Petitioner was never actually questioned about any matters.  Consequently, the state court's conclusion that Petitioner's Fifth Amendment rights were not implicated by his punishment for failing to refuse an order, and therefore that his right to due process of the law was not violated, is not an unreasonable application of clearly established federal law.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O' Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     November 3, 2008                    /s/ John M. Dixon
                                               UNITED STATES MAGISTRATE JUDGE